## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| HAROLD MCWHORTER and ROBERT FIELDER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| OCWEN LOAN SERVICING, LLC and WESTERN UNION BUSINESS SOLUTIONS (USA) LLC, | ) ) ) ) |
| Defendants. | ) ) |

CASE NO.: 2:15-CV-01831-MHH

### AMENDED NATINOWIDE CLASS ACTION COMPLAINT

This nationwide class action complaint claims that defendant Western Union Business Solutions (USA) LLC ("Western Union") entered into "partnerships" with debt collectors including defendant Ocwen Loan Servicing, LLC ("Ocwen") whereby Western Union charged consumers transaction fees for payments to debt collectors by telephone and then kicked back most of each fee collected to the debt collectors. Plaintiffs claim that this scheme violates 15 U.S.C. 1692f(1), of the Fair Debt Collection Practices Act ("FDCPA") which makes the following conduct of a debt collector unlawful:

> "The collection of any amount (including any … fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

### THE PARTIES

1.  Plaintiff Harold McWhorter is an adult resident citizen of Jefferson County, Alabama. He purchased a home at 4112 Avenue L in Fairfield, Alabama in 1999. This loan was

1

acquired by Ocwen in default and is currently serviced by Ocwen. Plaintiff McWhorter was harmed by the actions of Ocwen and Western Union in Alabama.

2.     Plaintiff Robert Fielder is an adult resident citizen of Jefferson County, Alabama. He financed a home at 201 Wind View Trace in Irondale, Alabama through GMAC. This loan was acquired by Ocwen in default and is currently serviced by Ocwen. Plaintiff Fielder was harmed by the actions of Western Union in Alabama.

3.     Defendant Ocwen Loan Servicing, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. A major portion of its business includes the purchase and servicing of subprime home loans in default.

4.     Defendant Western Union Business Solutions (USA) LLC is a Delaware corporation with its principal place of business in Englewood, Colorado.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because some of each Plaintiffs' claims arise under federal law, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

6.     Venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events giving rise to Plaintiffs' claims took place in the Northern District of Alabama.

## FACTUAL BACKGROUND

7.     All of the Plaintiffs in this action are consumers as that term is used in the FDCPA. Each purchased homes. Each of these acquisitions were financed through secured consumer loans.

8.     As they attempted to pay back these loans, the Plaintiffs eventually fell behind and went into default. Plaintiffs' mortgage loans were acquired by Defendant Ocwen Loan Servicing, LLC after the Plaintiffs fell into default. Because Ocwen acquired these loans after they were in

default, and because Ocwen otherwise meets the two-part definition of a "debt collector" under the FDCPA, Ocwen is a debt collector. Ocwen's principle purpose is to collect debt. Ocwen uses interstate commerce in order to collect debt. Ocwen regularly collects debts which are owed or due another.

9. The Plaintiffs often attempted to pay these debts over the telephone. When they did so, Ocwen accepted their payments through the Speedpay service they used in partnership with Defendant Western Union. Defendant Western Union partners with various businesses to allow bill payment over the telephone. Western Union advertises that "we invest in our clients' success by partnering with them every step of the way." <u>Western Union Website,</u> available at Payments.westernunion.com/product-suites/payments (last accessed May 14, 2015). Western Union offers its partners advanced payment options like "feature-rich web, mobile solutions, recurring, eBills, and expedited online bill pay" as well as "industry-standard payment channels, including web, IVR, CSR, and walk-in." Western Union describes its relationship with the debt collectors for whom it provides these services as an "ongoing partnership." Western Union also advertises that "dedicated project managers stay with you – beyond implementation," and that the company "invest[s] in our clients' success by partnering with them every step of the way." (<u>Id</u>.)

10. The partnerships that Western Union creates with debt collectors like Ocwen have a specific purpose. As stated on the website, "[o]ur services help you evaluate your payment strategy and find opportunities to help reduce costs, improve efficiency, migrate customers to **more profitable payment channels** and more." (Id. (emphasis added)). In other words, Western Union helps these debt collectors make more profit by charging the customer and splitting the fee with the debt collector.

3

11. When Plaintiffs attempted to use the telephone or internet to pay on their loans to Ocwen, Western Union demanded an additional payment, in the form of a fee for using Speedpay. Western Union collected this money from Plaintiffs and remitted a portion of it back to Ocwen. It thus collected money both on its own behalf and on behalf of the lenders. Under the FDCPA, a debt collector includes anyone who "regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Western Union thus regularly collects debts owed or due another, making it a debt collector under the FDCPA.

12. Western Union never revealed to any Plaintiff, or to the public generally, that a portion of the money paid by Plaintiffs for its Speedpay service was remitted to Ocwen, in violation of the FDCPA. Plaintiffs diligently checked the fees on their accounts, but could not have known that this remittance occurred. Thus, they could not have known that an unauthorized fee incidental to the principal debt was being charged. Western Union's concealment of this fee prevented Plaintiffs from learning of their cause of action against Western Union.

### COUNT I: VIOLATION OF THE FDCPA BY WESTERN UNION

13. This nationwide class count is brought by all Plaintiffs against Defendant Western Union.

14. This action is maintainable as a nationwide class action pursuant to 15 U.S.C. 1692k(a)(2)(b) and Rule 23 of the Federal Rules of Civil Procedure. All of the named Plaintiffs seek to represent the following class:

> All individuals in the United States who, during the applicable limitations period, paid a convenience fee through Western Union's Speedpay service in connection with a loan being serviced by a debt collector as defined by the FDCPA.

15. Pursuant to Rule 23(a)(1), the class is so numerous that joinder of all class members is impracticable. Western Union partners with many different companies to offer the Speedpay

service, including the other defendant. Ocwen is one of the three largest mortgage servicing companies in the country. Each of these consumers who pays over the phone uses Western Union's Speedpay system, as do thousands if not millions of consumers paying other debt collectors.

16. Pursuant to Rule 23(a)(2), this case is predominated by one question of law and fact that is common to all members of the class: does charging a fee, not authorized by the contract or any provision of existing law, violate the FDCPA.

17. Pursuant to Rule 23(a)(3), the claims of the named plaintiffs are typical of those of the class.

18. Pursuant to Rule 32(a)(4), the named plaintiffs will fairly and adequately represent the interests of the class. The named plaintiffs have no interests adverse to the interests of absent class members. The named plaintiffs have hired experienced class action plaintiff lawyers as class counsel, who will diligently and competently represent the interests of the class.

19. Pursuant to Rule 23(b), questions of law and fact common to all class members predominate over any questions affecting only individual class members. The claims of the named plaintiffs, like those of all the class members, arise out of a common course of conduct by Western Union to partner with other businesses to charge illegal fees. Any questions individual to the class members, such as how many times they were charged such fees, can be answered by the Defendants' own records. For this reason, a class action is far superior to other available methods of adjudicating this controversy. Individual lawsuits would be inefficient and duplicative by comparison.

20. The FDCPA makes it an illegal, "unfair practice" for a debt collector to undertake "the collection of any amount (including any interest, fee, charge, or expense incidental to the

principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

21. Western Union regularly collects or attempts to collect, directly or indirectly, debts owed another and it is therefore a debt collector within the meaning of the FDCPA. Western Union is also a debt collector because it acted as the partner of debt collectors Ocwen in facilitating their debt collection activity. It actively participated in the violations of the FDCPA, as well as the concealment of the violations, by charging the unauthorized Speedpay fees, kicking back most of the fee to Ocwen, and not disclosing the kickbacks to the consumers. Each of the loans at issue was in default at the time Western Union obtained the right to provide speedpay service to that loan.

22. Because the fees charged by Western Union are not authorized by the contract or any provision of law, their collection clearly violates 15 U.S.C. §1692f. See Quinteros v. MBI Assocs., 999 F. Supp. 2d 434 (E.D.N.Y. 2014). The Quinteros court found that a five-dollar processing fee violated the FDCPA:

23. What matters is § 1692f(1)'s plain instruction that the collection of any amount incidental to the principal obligation, unless otherwise authorized by agreement between the parties or permitted by law, violates the FDCPA. Courts have interpreted the FDCPA broadly, and it would be anomalous to conclude "any amount" does not encompass the processing fees at issue here. See, e.g., Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989) ("It is clear that Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them.") Id. at 438. Accord, Acosta v. Credit Bureau of Napa County, 2015 WL 1943244 at *4 (N.D. Ill. Apr. 29, 2015).

24.     The states of North Carolina, Wyoming, and Colorado have issued administrative opinions that interpret virtually identical language in state law to make the kind of fees charged by the Defendants illegal. (Ex. A – Opinion of the N.C. Dep't of Ins.; Ex. B. – Advisory Op. of Admin., Colo. Collection Agency Bd.). Indeed, the Attorney General of Wyoming opined that the fees violate that state's law precisely because they violate the FDCPA. (Ex. C., Letter from Atty. Gen. Bruce Salzburg to Rocklon Edmonds).

## COUNT II: VIOLATION OF THE FDCPA BY OCWEN

25.     Plaintiffs bring this nationwide class count against Ocwen.

26.     This action is maintainable as a nationwide class action pursuant to 15 U.S.C. § 1692k(a)(2)(b) and Rule 23 of the Federal Rules of Civil Procedure. The Plaintiffs named in Paragraph 52 seek to represent the following class:

> All individuals in the United States who, during the applicable limitations period paid a convenience fee through Western Union's Speedpay service in connection with any loan being serviced by Ocwen, and as to which Ocwen obtained those servicing rights at a point in time when the loan was in default.

27.     Pursuant to Rule 23(a)(1), the class is so numerous that joinder of all class members is impracticable. Ocwen is one of the three largest non-bank mortgage servicing companies in the nation. At a minimum, it services hundreds of thousands of loans, many of which are paid online through Western Union's Speedpay service.

28.     Pursuant to Rule 23(a)(2), this case is predominated by one question of law and fact that is common to all members of the class: does charging a fee, not authorized by the contract or any provision of existing law, violate the FDCPA.

29.     Pursuant to Rule 23(a)(3), the claims of the named plaintiffs are typical of those of the class.

30. Pursuant to Rule 32(a)(4), the named plaintiffs will fairly and adequately represent the interests of the class. The named plaintiffs have no interests adverse to the interests of absent class members. The named plaintiffs have hired experienced class action plaintiff lawyers as class counsel, who will diligently and competently represent the interests of the class.

31. Pursuant to Rule 23(b), questions of law and fact common to all class members predominate over any questions affecting only individual class members. The claims of the named plaintiffs, like those of all the class members, arise out of a common course of conduct by Ocwen in charging illegal fees whenever customers paid online or over the telephone. Any questions individual to the class members, such as how many times they were charged such fees, can be answered by the Defendants' own records. For this reason, a class action is far superior to other available methods of adjudicating this controversy. Individual lawsuits would be inefficient and duplicative by comparison.

32. All of the Plaintiffs' damages under this count arise out of a single nucleus of operative fact defined by the agreement between Ocwen and Western Union to collect illegal fees. In fact, Ocwen followed the exact same course of conduct with respect to the loans of each Plaintiff.

33. The FDCPA makes it an illegal, "unfair practice" for a debt collector to undertake "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

34. Because Ocwen regularly collects debts owed others and because it acquired each of the loans at issue in this case while that loan was in default, it qualifies as a debt collector under the FDCPA.

35. Because the fees charged by Ocwen are not authorized by the contract or any provision of law, their collection clearly violates 15 U.S.C. §1692f.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

(A) following appropriate discovery, an order certifying the three above-described nationwide classes pursuant to Fed. R. Civ. P. 23, with notice as applicable to the absent class members;

(B) an order appointing D. Frank Davis and John E. Norris as class counsel for the nationwide class classes;

(C) a declaratory ruling that the Defendants have engaged in the practices alleged herein in violation of federal law;

(D) appropriate injunctive relief requiring Defendants to stop engaging in these illegal practices;

(E) upon a jury verdict, an award of compensatory and statutory damages under the FDCPA;

(F) an award of attorneys' fees and costs as authorized by the FDCPA;

(G) such further and different relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs demand trial by struck jury of all issues.

/s/ John E. Norris_____
John E. Norris
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Courtney L. Peinhardt (PEI001)
Dargan Ware (WAR089)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com
dware@davisnorris.com

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the above and foregoing document by electronic filing with the Court's CM/ECF filing system which will transmit this filing to all counsel of record on this the 28th day of October, 2015:

     /s/ John E. Norris
     John E. Norris
     One of the Attorneys for Plaintiff